[Crim. No. 13195.   Second Dist., Div. One.   Feb. 7, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. SAMUEL WILLIAM WRIGHT, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Timothy A. Reardon, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of violating the provisions of sections 242 and 243, Penal Code (§ 242, battery; § 243, a battery against a known peace officer on duty).

In an information filed in Los Angeles on August 4, 1966, defendant was charged with using force and violence upon the person of Deputy Sheriff Carrel, "a peace officer then and

there engaged in the performance of his duties,'' and that ''the said defendant then and there reasonably should have known that said peace officer was then and there a peace officer engaged in the performance of his duties'' on June 8, 1966. It was further alleged that defendant, under another name, had been convicted of a felony, burglary, in Missouri in 1951, and had served a term in the state prison therefor and that he also had been convicted of possessing marijuana, a felony, in the federal court in Arkansas in 1954 and had served a term therefor in a federal prison. In a jury trial defendant was found guilty as charged. He admitted the second charged prior conviction. Although defendant's counsel, in the presence of defendant, was prepared in court to admit both charged priors, and so stated to the court, the prosecutor moved that the allegation with reference to the charged burglary prior be stricken and the motion was granted. Defendant also pleaded not guilty by reason of insanity. The same jury which tried the guilt phase of the case found defendant to be sane at the time the offense was committed. Defendant was sentenced to the state prison and a timely notice of appeal was filed.

A résumé of some of the facts is as follows: On June 8, 1966, Deputy Sheriff Carrel was assigned to Division 40 of the Municipal Court of the Los Angeles Judicial District, with the responsibility of maintaing order in the courtroom. At about 11:45 a.m. Carrel's attention was drawn to loud obscenities and profanity arising from the prisoners' box area of the courtroom. Defendant was in custody and was the person so expressing himself to his then attorney, a representative of the public defender's office. A rail separated the prisoners' box area from the balance of the courtroom. Defendant was on the inside of the railing and his attorney was on the courtroom side of the railing. Upon hearing the commotion and the loud and boisterous swearing, Deputy Sheriff Carrel approached the prisoners' box and told defendant to stop the use of profanity, that there was a lady in the courtroom. Defendant's response to the admonition was another outburst of vulgarity and obscenity. No useful purpose would be served by reciting herein the words used but a reading of the record sustains the assertion that defendant was using the language as described. Deputy Sheriff Carrel repeated his request to defendant whereupon defendant indicated his complete unwillingness to comply in any respect. Deputy Sheriff Carrel then told defendant to go to the lock-up area, which is an area

outside the courtroom from which prisoners file into the prisoners' box area. Defendant refused to comply. Deputy Sheriff Carrel, who was dressed in the full uniform of a deputy sheriff, removed his revolver, entered the prisoners' box area and took defendant by the arm. Defendant dislodged the hold and grabbed the officer by the throat. The deputy lost his balance and fell into the seats in the prisoners' box area with defendant on top of him. A struggle ensued during which defendant attempted to grab the officer's testicles. Other officers thereupon assisted Carrel and defendant was subdued and handcuffed and taken to the lock-up area. Defendant offered no evidence to contradict the heretofore related facts.

A psychiatrist testified that defendant was sane at the time of the offense and that the assault upon Deputy Sheriff Carrel was the voluntary and conscious act of a person who knew that Deputy Sheriff Carrel was a peace officer.

Appellant now asserts that the evidence is insufficient to support the judgment. The uncontradicted evidence clearly points up that appellant did exactly that with which he was charged with doing. We approach the case as an appellate court. (See *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778] ; *People* v. *Daugherty,* 40 Cal.2d 876 [256 P.2d 911].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.